IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAYWOOD JACKSON MIZELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:21-cv-110-ECM-JTA |
| | ) |
| CITY OF OZARK, | ) |
| | ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Haywood Jackson Mizell ("Plaintiff"), appearing *pro se*, filed this action against the City of Ozark, Alabama ("Defendant"). (Doc. No. 1.) This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 11.)

This cause is before the court on Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). (Doc. No. 12.) Plaintiff filed briefs in opposition to the motion (Docs. No. 16, 23) and Defendant filed a reply (Doc. No. 22). For the reasons stated herein, the Magistrate Judge finds that the motion to dismiss is due to be GRANTED.

### I.     BACKGROUND AND PROCEDURAL HISTORY

This cause arises from the foreclosure of Plaintiff's property in Ozark, Alabama in February 2013 and Defendant's purchase of the property at a foreclosure auction. Plaintiff filed this action on February 5, 2021. (Doc. No. 1.) In his Complaint, Plaintiff alleges the

foreclosure of his property by Wells Fargo Bank was wrongful and that Defendant unlawfully took his property by eminent domain[1] in violation of his due process rights under the Fifth and Fourteenth Amendments.[2] (*Id*. at 1, 21, 23, 37.) Plaintiff alleges, in a rambling and disjointed manner which covers 45 pages and includes photos, that he is due just compensation in the amount of $5.7 million for unpaid rent because Defendant "participated unlawfully in a private auction . . . making the foreclosure a state action[,]" [t]here was NO defaulted debt balance on the property at issue when the February 2013 simulated and wrongful foreclosure auction was conducted[,]" and Defendant "unlawfully seized the subject property without paying just compensation" and has occupied the property since March 2013. (*Id*. at 2, 21, 23, 38.) Plaintiff further alleges the foreclosure deed is false and "is due to be expunged from the record." (*Id*. at 37.) Considering these allegations, Plaintiff appears to allege a constitutional violation against Defendant under 42 U.S.C. § 1983.

Defendant filed a motion to dismiss arguing that (1) the court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, (2) Plaintiff's claims are barred by the statute of limitations, (3) Plaintiff's claims are barred by the doctrines of *res judicata* and

---

[1] "Eminent domain is the power of the government to take property for public use without the consent of the owner." *PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244, 2251 (2021). "It can be exercised either by public officials or by private parties to whom the power has been delegated." *Id*. "And it can be exercised either through the initiation of legal proceedings or simply by taking possession up front, with compensation to follow." *Id*.

[2] Plaintiff attached a copy of the foreclosure deed to the Complaint. (Doc. No. 1-4.)

*collateral estoppel*, and (4) Plaintiff fails to state a claim for which relief can be granted. (Doc. No. 12.)

Plaintiff filed two oppositions to Defendant's motion. (Docs. No. 16, 23.) In his first response, Plaintiff argues that "[t]his instant case does not involve anything done by Wells Fargo Bank, N.A. or anything done by the Defendant, the City of Ozark, or by the state courts." (Doc. No. 16 at 3.) Plaintiff further argues

> Omission, or what was not done or is missing, is the word describing the point of this case. There is/was no evidence of debt. There is/was no Eminent Domain Procedure for private property seizure for public use. No just compensation has been determined by a competent tribunal. No rental payments have been made. There is no statute of limitation for resolution to determine title holder. The wrongful foreclosure was conducted from vacant offices where unbonded officials acted treasonous to the US Constitutional. [sic] There can be no justification for dismissal of the case.

(*Id*. at 3-4.) In his second response, Plaintiff states that he filed a quiet title action in Dale County Circuit Court, which was dismissed by the judge in error, and argues that the quiet title hearing was not a procedural hearing. (Doc. No. 23 at 2.) He contends the state courts which addressed his claims did not have subject matter jurisdiction and argues "[t]he instant complaint is further proceedings seeking relief for a wrongful foreclosure and denial of due process, proceeding that began before the February 19, 2013 wrongful foreclosure . . . ." (*Id*. at 5, 6.)

Defendant filed a reply (Doc. No. 22). Hence, the motion to dismiss is ripe for disposition.

## II. STANDARD OF REVIEW

Federal courts are courts of limited subject matter jurisdiction, and the party invoking the court's jurisdiction bears the burden of proving it exists. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Attacks on a court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) come in two forms: facial and factual. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). "Facial attacks" require the court to review the complaint and determine whether the allegations therein, which are taken as true, adequately establish subject matter jurisdiction. *Id*. at 1529. "Factual attacks" challenge the existence of subject matter jurisdiction in fact, and the court is permitted to look beyond the pleadings and weigh evidence to determine whether it has subject matter jurisdiction. *Id*. In a factual attack,

> the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Id*. at 1529 (citation omitted).[3] "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999).

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them

---

[3] Defendant's attack is factual because it depends on matters outside the complaint.

in the light most favorable to the plaintiff. *See Resmick v. AvMed, Inc.*, 693 F.3d 1317, 1321-22 (11th Cir. 2012).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.  "[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) (citation omitted).

Finally, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint.  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Yet, a *pro se* complaint still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

### III.     DISCUSSION

A.     *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine derives from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Hence, the doctrine precludes federal district courts from exercising appellate jurisdiction over state-court judgments.  *Lance v. Dennis*, 546 U.S. 459, 463 (2006).  Congress has granted the Supreme Court such appellate jurisdiction, but it has empowered district courts with only original jurisdiction.  *Exxon*, 544 U.S. at 283; *Nicholson v. Shafe*, 558 F.3d 1266, 1271-72 (11th Cir. 2009).

Defendant argues the crux of Plaintiff's claims is his contention that the "2013 foreclosure deed by which [Defendant] acquired title to the [property at issue] from Wells Fargo Bank is invalid, allegedly rendering [Defendant's] possession of the property since 2013 as [an] unconstitutional taking." (Doc. No. 22 at 1.)  Defendant asserts that the Dale County Circuit Court has twice upheld the validity of the foreclosure deed against Plaintiff's challenges and submits filings from that court. (*Id*. at 1, Exs. 1, 3; Doc. No. 12, Exs. 1, 3; Doc. No. 22, Exs. 1, 3.)  Defendant contends that this court lacks subject matter jurisdiction to "entertain another challenge to the deed" and that the *Rooker-Feldman* doctrine requires the court to dismiss this action. (Doc. No. 22 at 1-9.)

6

In order to properly assess if *Rooker-Feldman* should apply here, the court considers the state court judgments at issue. It is proper to judicially notice facts when considering a factual attack on subject matter jurisdiction under Rule 12(b)(1). *See Klayman v. Deluca*, Case No.:15-CV-80310-KAM, 2016 WL 1045851, *2 (S.D. Fla. Mar. 16, 2016). A court may take judicial notice[4] of orders and other documents filed in another court, but not of the truth of the matters asserted therein. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). The state court documents Defendant filed with the court are all certified copies of filings in other courts and are matters of public record. The authenticity of these documents cannot be questioned and Plaintiff does not argue otherwise.[5] Therefore, the undersigned "takes judicial notice of these court documents, but only to establish the fact of these filings and that certain matters were decided rather than the truth of any facts asserted within them." *Klayman*, 2016 WL 1045851, at *2.

Here, considering the state court documents, the undersigned finds that the *Rooker-Feldman* criteria are satisfied. The state court documents contain rulings against Plaintiff on the validity of the foreclosure sale of his property. Otherwise stated, Plaintiff was the

---

[4] "Judicial notice is a means by which adjudicative facts not seriously open to dispute are established as true without the normal requirement of proof by evidence." *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004) (citation omitted). "Adjudicative facts are facts that are relevant to a determination of the claims presented in a case." *Id*. (citation omitted). Under Rule 201 of the Federal Rules of Evidence, a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A "court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

[5] Indeed, Plaintiff himself attached documents from the Circuit Court of Dale County to his Complaint. (Docs. No. 1-3, 1-4.)

losing party in state court. Plaintiff's alleged injury – possession of the property at issue by Defendant without compensation to Plaintiff – was caused by the state court rulings; particularly the rulings upholding the foreclosure sale and foreclosure deed. The state court judgments were rendered before the proceedings in this court began. Last, Plaintiff invited this court to review and reject the state court rulings by requesting the court to "expunge" the foreclosure deed "from the record" and to determine the "title holder" of the foreclosed upon property. (Doc. No. 1 at 37; Doc. No. 16 at 3.) Accordingly, to the extent Plaintiff seeks such equitable relief, his claims are barred by the *Rooker-Feldman* doctrine because his claims are inextricably intertwined with the state court's rulings and his unsuccessful challenges to the foreclosure deed. *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (explaining that the doctrine "applies both to federal claims raised in the state court and to those inextricably intertwined with the state court's judgment") (internal quotation marks omitted); *also Brown v. R.J. Reynolds Tobacco Co.,* 611 F.3d 1324, 1330 (11th Cir. 2010) ("The doctrine bars the losing party in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.") (internal quotations and citation omitted). Plaintiff's equitable claims against Defendant thus are due to be dismissed for lack of subject matter jurisdiction.[6]

---

[6] Because the court dismisses this case on jurisdictional grounds, it does so without prejudice. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

But the court's consideration of Plaintiff's Complaint does not end here. The *Rooker-Feldman* doctrine does not extend to a claim for monetary damages. *See e.g., Drees v. Ferguson*, 396 F. App'x 656, 658 (11th Cir. 2010) ("the *Rooker-Feldman* doctrine does not apply when a party seeks money damages for the state court's alleged constitutional deprivations") (citation omitted); *Arthur v. JP Morgan Chase Bank, NA,* 569 F. App'x 669, 675 (11th Cir. 2014); *Sophocleus v. Ala. Dep't of Transp.*, 605 F. Supp. 2d 1209, 1215–16 (M.D. Ala. 2009), *aff'd*, 371 F. App'x 996 (11th Cir. 2010) (" . . . [A] federal court may hear claims about a state-court 'legal conclusion'—even if the state courts have previously rejected that claim or if it would undermine the state-court judgment—in contrast to its utter prohibition from hearing claims that would vacate a state-court judgment."). Thus, the court considers Defendant's Rule 12(b)(6) motion based on the statute of limitations below.

B.    Statute of Limitations

Defendant argues, in the alternative, that Plaintiff's claims are barred by the applicable statute of limitations under Rule 12(b)(6). The undersigned agrees.

There is no specific statute of limitations for a § 1983 action. *Owens v. Okure,* 488 U.S. 235, 239 (1989). Instead, the statute of limitations is determined by the state's statute of limitations for personal injury actions. *Id.* at 240–41. *See Higdon v. Tusan,* 746 F. App'x 805, 814 (11th Cir. 2018) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations for personal injury claims in the state where the action is brought.") (citation omitted). In Alabama, the statute of limitations for a § 1983 action is two years. *See Lufkin v. McCallum,* 956 F.2d 1104, 1105 n.2 (11th Cir. 1992).

9

"However, the accrual date of a § 1983 claim, from which the statute of limitations begins to run, is determined by federal law. . . . Section 1983 accrual occurs when the plaintiff has a 'complete and present cause of action' and can thus 'file suit and obtain relief.'" *Tillman v. Orange Cty., Fla.*, 519 F. App'x 632, 635 (11th Cir. 2013) (citations omitted). *See also Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006) ("the statute of limitations does not begin to run until the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights") (citation omitted).

Here, Plaintiff's taking and eminent domain claims accrued on the date of the alleged taking of the property, which is the unknown date[7] in February 2013 when the foreclosure sale occurred and Defendant acquired title to the property. (Doc. No. 1 at 1, 21.) Plaintiff "had a complete and present cause of action" in 2013 and could have filed suit against Defendant then to obtain relief. *See Tillman*, 519 F. App'x at 635. Plaintiff did not file this suit until eight years later.[8] Accordingly, Plaintiff's claims arising under §

---

[7] Plaintiff does not allege the specific date of the foreclosure sale in his Complaint and the court can only look to the face of the Complaint when assessing the statute of limitations. *See La Grasta*, 358 F.3d at 845.

[8] The undersigned has considered whether the "taking" is a continuing violation and finds that it is not. The Eleventh Circuit has noted repeatedly that "the critical distinction in the continuing violation analysis is whether the plaintiff complains of the present consequence of a one-time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." *Porter*, 461 F.3d at 1323 (citation omitted). Plaintiff lost possession of his property one time in 2013. To the extent Plaintiff should have received payment from Defendant when it took possession or title of the property, such payment should have been made in 2013. Plaintiff alleges in his Complaint that Defendant participated unlawfully in a private auction to obtain the property, thus Plaintiff is complaining of the present consequence of that one-time violation: the purchase of the property by Defendant in the auction. Plaintiff's mere assertion that Defendant owes him unpaid rent does not establish a continuing violation considering all of the facts alleged in his Complaint.

1983 for monetary damages alleged against Defendant are barred by the statute of limitations and are due to be dismissed.[9]

C. Amendment

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." *See* Fed. R. Civ. P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. Under the facts presented, the undersigned concludes that amendment of the Complaint would be futile because amendment would not cure the lack of subject matter jurisdiction due to *Rooker-Feldman* or the statute of limitations bar. *See Higdon*, 746 F. App'x at 815 ("Amending a complaint would be futile if the complaint, as amended, would still be subject to dismissal.") (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). Accordingly, the undersigned concludes that amendment in this case is not warranted.

## IV. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that

1. Defendant's motion to dismiss (Doc. No. 12) be GRANTED.

2. This action be DISMISSED WITHOUT PREJUDICE.

---

[9] The undersigned pretermits discussion of Defendant's remaining arguments for dismissal.

It is further

ORDERED that **on or before February 15, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. The parties are advised that frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 31st day of January, 2022.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE