IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAYWOOD JACKSON MIZELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:21-cv-110-ECM |
| | ) (WO) |
| THE CITY OF OZARK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Report and Recommendation of the Magistrate Judge (doc. 26) which recommends granting the Defendant's motion to dismiss (doc. 12), and dismissing this case without prejudice. On February 11, 2022, the Plaintiff objected to the dismissal of his claims, (doc. 27), and the Defendant objected to the dismissal of the Plaintiff's claim for monetary damages as without prejudice. (Doc. 28).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review. *See Stokes v. Singletary,* 952 F.2d 1567, 1576 (11th Cir. 1992) ("[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the

record with respect to that factual issue") (quoting *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir. 1988)).

## DISCUSSION

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, the Plaintiff's objections, and the Defendant's objection. The Plaintiff reasserts the claims made in the complaint and makes conclusory assertions that he is entitled to relief against this Defendant. The Plaintiff's general objections do not merit *de novo* review. However, the Plaintiff makes two objections that are sufficiently specific to warrant *de novo* review.

**A.  Plaintiff's Objection to Dismissal of Equitable Claims**

The Plaintiff's objects to the dismissal of his claims. According to the Plaintiff, he is not seeking to overturn the 2013 foreclosure that resulted in the Defendant's ownership of the property at issue. Rather, he seeks "just compensation" for the Defendant's unlawful taking of his property by eminent domain and seeks "rental payments" for the City's occupation of the property. Relying on *Knick v. Township of Scott, PA*, 139 S. Ct. 2162, 2170 (2019), the Plaintiff asserts that he can bring a claim in federal court for the governmental taking of his property without just compensation. However, *Knick* is inapposite here because the Defendant obtained the property through a foreclosure auction, not through a governmental taking.

Regardless of how the Plaintiff characterizes his claims, it is clear that he seeks injunctive and declaratory relief from a 2013 foreclosure proceeding in state court that resulted in the Defendant purchasing the property at issue. The Magistrate Judge recommended dismissal of the Plaintiff's equitable claims attacking the 2013 foreclosure

2

action because those claims are barred by the *Rooker-Feldman*[1] doctrine. The *Rooker-Feldman* doctrine holds that "state court litigants do not have a right of appeal in the lower federal courts; they cannot come to federal district courts complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Behr v. Campbell*, 8 F.4th 1206, 1209–10 (11th Cir. 2021) (internal quotations omitted).

Although *Rooker-Feldman* is a narrow doctrine, it is applicable in this case. The Plaintiff's complaint is replete with references to the "wrongful foreclosure auction," (doc. 1 at 21–23, 29–31, 34, and 37–39), and he asks this Court to reverse the Defendant's title to the property and declare the title and foreclosure action null and void. (*Id*. at 34). "*Rooker-Feldman* means that federal district courts cannot review or reject state court judgments rendered before the district court litigation began." *Behr*, 8 F. 4th at 1212. The injury about which the Plaintiff complains was "caused by the judgment itself," (*id*), in the underlying state court proceeding because that proceeding permitted the City to purchase the foreclosed property. Because the Plaintiff seeks to have this Court reverse the decisions of the state courts that permitted the foreclosure auction, his injunctive and declaratory claims for relief are barred by *Rooker-Feldman*. His objections are due to be overruled.

**B.     Objection to Dismissal of Claim for Monetary Damages**

The Plaintiff also objects to the dismissal of his claim for monetary damages. He contends that he is due "just compensation" or "rental compensation" for the time the Defendant has occupied the property at issue. This objection is without merit because any

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

claim for money damages is barred by the statute of limitations. The applicable statute of limitations for a § 1983 claim in Alabama is two years. The statute of limitations begins to run "when the plaintiff knows or has reason to know that he has been injured." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). Therefore, the statute of limitations began to run on February 19, 2013, when the foreclosed property was purchased at auction by this Defendant. This lawsuit was filed on February 5, 2021. (Doc. 1). Thus, any claim against the Defendant for money damages is time-barred. The Plaintiff's objections are due to be overruled.

**C.   The Defendant's Objection to Dismissal of Claim for Monetary Damages without Prejudice**

The Defendant objects to the Recommendation that the Plaintiff's claim for monetary damages be dismissed without prejudice. (Doc. 28). Even if the Court were to dismiss this action without prejudice, at this juncture, "a dismissal without prejudice is tantamount to a dismissal with prejudice" because the statute of limitations has run. *See Parrish v. Ford Motor Co.*, 299 F. App'x 856, 862 (11th Cir. 2008). *See also Brennan v. Kulick*, 407 F.3d 603, 606 (3rd Cir. 2005) ("the dismissal of a complaint without prejudice after the statute of limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal and refile the complaint.").

Because the statute of limitations has run on the Plaintiff's claims for monetary damages, it is appropriate to dismiss this claim with prejudice. *R&R Int'l Consulting, LLC v. Banco do Brasil, S.A.*, 981 F.3d 1239, 1246 (11th Cir. 2020) (affirming "dismissal with prejudice because the complaint is barred by the statute of limitations); *Abella v. Rubino*, 63 F.3d 1063, 1065–66 (11th Cir. 1995) (affirming dismissal of claims with prejudice because

the statute of limitations had run). The Defendant's objection is due to be sustained, and the Report and Recommendation will be modified to reflect the dismissal of the Plaintiff's monetary claim is with prejudice.

## CONCLUSION

For the reasons as stated, the Plaintiff's objections are due to be overruled, and the Defendant's objection is due to be sustained. Accordingly, it is

ORDERED as follows:

1. the Plaintiff's objections (doc. 27) are OVERRULED;

2. the Defendant's objection (doc. 28) is SUSTAINED;

3. the Recommendation of the Magistrate Judge (doc. 26) is ADOPTED but MODIFIED to reflect that the Plaintiff's claim for monetary damages is DISMISSED with prejudice;

4. the Defendant's motion to dismiss (doc. 12) is GRANTED; and

5. this case is DISMISSED.

A separate Final Judgement will be entered.

Done this 15th day of February, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE