IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HAYWOOD JACKSON MIZELL,      )
                                )
         Plaintiff,          )
                                )
v.                         )     CASE NO. 1:21-cv-110-ECM-JTA
                                )
THE CITY OF OZARK,          )
                                )
         Defendant.      )

## <u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Plaintiff Haywood Jackson Mizell ("Plaintiff"), appearing *pro se*, filed this action against the City of Ozark, Alabama ("Defendant").  (Doc. No. 1.)  This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636.  (Doc. No. 37.)

This cause is before the court on Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 41.)  Defendant filed a brief in support of the motion to dismiss, and Plaintiff filed a brief in opposition to the motion. (Docs. No. 42, 45.) Defendant filed a reply brief to Plaintiff's response. (Doc. No. 46.)  For the reasons stated herein, the undersigned recommends to the court that the motion to dismiss is due to be GRANTED.

## I.      BACKGROUND AND PROCEDURAL HISTORY

This cause arises from the foreclosure of Plaintiff's property in Ozark, Alabama, and Defendant's purchase of the property at a foreclosure auction on February 19, 2013.

(Doc. No. 1-4.) Plaintiff filed this action on February 5, 2021. (Doc. No. 1.) In the Complaint, Plaintiff alleges the foreclosure of his property, 285 Broad Street, Ozark, Alabama (the "Holman House"), by Wells Fargo Bank was wrongful, and that Defendant unlawfully took his property by eminent domain[1] in violation of his due process rights under the Fifth and Fourteenth Amendments.[2] (*Id*. at 1, 21, 23, 37.) Plaintiff alleges, in a rambling and disjointed manner which covers 45 pages including photos and illustrations, that he is due just compensation in the amount of $5.7 million for unpaid rent because Defendant "participated unlawfully in a private auction . . . making the foreclosure a state action[,]" [t]here was NO defaulted debt balance on the property at issue when the February 2013 simulated and wrongful foreclosure auction was conducted[,]" and Defendant "unlawfully seized the subject property without paying just compensation" and has occupied the property since March 2013. (*Id*. at 2, 21, 23, 38.) Plaintiff further alleges the foreclosure deed is false and "is due to be expunged from the record." (*Id*. at 37.)

Defendant filed a motion to dismiss arguing that (1) the court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, (2) Plaintiff's claims are barred by the statute of limitations, (3) Plaintiff's claims are barred by the doctrines of *res judicata* and

---

[1] "Eminent domain is the power of the government to take property for public use without the consent of the owner." *PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244, 2251 (2021). "It can be exercised either by public officials or by private parties to whom the power has been delegated." *Id*. "And it can be exercised either through the initiation of legal proceedings or simply by taking possession up front, with compensation to follow." *Id*.

[2] Plaintiff attached a copy of the foreclosure deed to the Complaint. (Doc. No. 1-4.)

*collateral estoppel*, and (4) Plaintiff fails to state a claim for which relief can be granted. (Doc. No. 12.)

On January 31, 2022, the undersigned recommended to the court that Defendant's motion to dismiss be granted and that Plaintiff's claims were due to be dismissed *without prejudice*. (Doc. No. 26 (emphasis added).) Both parties objected. (Docs. No. 27, 28.)

The court overruled Plaintiff's objections, sustained Defendant's objections, and entered a final judgment in accordance with the memorandum opinion which adopted but modified the undersigned's Recommendation. (Docs. No. 29, 30.) The court dismissed Plaintiff's claims for monetary relief *with prejudice* based on the statute of limitations defense and dismissed Plaintiff's claims for equitable relief without prejudice based on the *Rooker-Feldman* doctrine. (*Id.* (emphasis added).)

On February 22, 2022, Plaintiff timely appealed the dismissal to the United States Court of Appeals for the Eleventh Circuit. (Doc. No. 31.)

On January 13, 2023, the Court of Appeals affirmed the dismissal of Plaintiff's claim for monetary relief with prejudice holding that this claim is barred by the statute of limitations. (Doc. No. 35.) However, the Court of Appeals vacated the dismissal of Plaintiff's claim for equitable relief based on the *Rooker-Feldman* doctrine and remanded the case to this court for further proceedings not inconsistent with the Circuit Court's opinion. (*Id.*)

In light of the Circuit Court's ruling, this action was referred back to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 37.)

On April 13, 2023, Defendant filed a superseding motion to dismiss the remaining claim in the Complaint. (Doc. No. 41.) Defendant argues that Plaintiff's claim for equitable relief should be dismissed because (1) it is barred by the statute of limitations, (2) it is barred by the doctrines of *res judicata* and *collateral estoppel*, and (3) it fails to state a claim for which relief can be granted. (*Id.*)

Plaintiff filed a response in opposition to Defendant's motion. (Doc. No. 45.)[3] In his response, Plaintiff asserts that the "pivotal issue" before this court is whether Plaintiff or Wells Fargo held superior title to the Holman House prior to Defendant purchasing the property at foreclosure. (*Id.* at 9.)[4] In addition, Plaintiff argues "there is no statute of limitations on issues regarding 'cloud' removal from titles." (*Id.* at 5.)

In response to Plaintiff's assertions, Defendant filed a reply arguing that the Complaint alleges a Fifth and Fourteenth Amendment constitutional takings claim under 42 U.S.C. § 1983, not a quiet title claim, and thus is subject to the statute of limitations applicable to the state in which the suit was brought. (Doc. No. 46 at 2.)

---

[3] On April 14, 2023, the undersigned ordered Plaintiff to show cause as to why Defendant's motion should not be granted. The undersigned warned Plaintiff that if he failed to show cause why Defendant's motion should not be granted, then the undersigned will recommend to the court that the Complaint be dismissed. (Doc. No. 43.)

[4] It is worth restating that Plaintiff made it perfectly clear in the Complaint that Wells Fargo is *not* a party to this case. (Doc. No. 1 at 4.)

## II.    JURISDICTION

This court has subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff appears to allege claims of constitutional violations under 42 U.S.C. § 1983.

## III.    STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must take the facts alleged in the Complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court is not " 'bound to accept as true a legal conclusion couched as a factual allegation.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

In addition, the court must consider a plaintiff's *pro se* status when evaluating the Complaint. The Supreme Court has declared, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "this

leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). Indeed, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## IV.   DISCUSSION

A. Statute of Limitations

Plaintiff seeks equitable relief under § 1983 alleging that Defendant violated his Fifth and Fourteenth Amendment due process rights by wrongfully taking his property, the Holman House, without just compensation. Defendant argues that Plaintiff's claim for equitable relief is time-barred by the statute of limitations. The undersigned agrees.

"A statute of limitations is an affirmative defense, so a dismissal for failure to state a claim on statute of limitations grounds is appropriate only if it is apparent from the face of the [C]omplaint that the claim is time-barred." *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 872 (11th Cir. 2017) (citing Fed. R. Civ. P. 12(b)(6)). Although Plaintiff alludes to a quiet title action in the Complaint, having considered all the allegations and for the reasons stated further in this Recommendation, the undersigned construes the Complaint as *only* asserting a constitutional violation against Defendant under 42 U.S.C. § 1983.

Construing Plaintiff's arguments liberally, it appears Plaintiff believes that his claim is not governed by a two-year statute of limitations, and Supreme Court precedent allows his claim to be brought directly to federal court at any time. (Doc. No. 45.) To support his

argument, Plaintiff incorrectly cites to Alabama's statute of limitations for quiet title

actions. (*Id*. at 5.) In addition, Plaintiff cites to the Supreme Court's holding that a takings

claim may be brought to federal court without exhausting all state law remedies first. *See*

*Knick v. Township of Scott*, 139 S. Ct. 2162, 2167-68 (2019) (overturning *Williamson*

*County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172

(1985)).

While it is true that Plaintiff can bring his constitutional takings claims directly to

federal court, the Supreme Court's holding in *Knick*[5] does not authorize Plaintiff to bring

a takings claim to federal court despite the expiration of the statute of limitations.

Moreover, the holding in *Knick* does not make § 1983 actions subject to the four-year

statute of limitations provision of § 1658. Pursuant to 28 U.S.C. § 1658, claims "arising

under an Act of Congress" enacted after December 1, 1990 "may not be commenced later

than 4 years after the cause of action accrues." 28 U.S.C. § 1658. This section of the United

---

[5] In *Knick*, the Supreme Court held that "a property owner acquires an irrevocable right to just
compensation immediately upon a taking." 139 S. Ct. at 2172. In sum, the Court reasoned that a
property owner has already suffered a constitutional violation when the taking occurred, and "[j]ust
as someone whose property has been taken by the Federal Government has a claim 'founded …
upon the Constitution' that he may bring under the Tucker Act, someone whose property has been
taken by a local government has a claim under § 1983 for a 'deprivation of [a] right[ ] … secured
by the Constitution' that he may bring upon the taking in federal court." *Id.* at 2173. The Court
explained that *Williamson County's* "state-litigation requirement" prevented someone whose
property was taken by a state or local government from bringing a claim under § 1983, unless they
have exhausted supplementary state remedies and were denied just compensation. *Id. Williamson
County* incorrectly relied on the premise that no federal takings claim against a local Government
is ripe "until [a property owner] has used the procedure [of the state] and been denied just
compensation." *Id.* Because a property owner suffers a Fifth Amendment violation when a
government takes his property without paying just compensation, *Knicks* held that he may bring a
§ 1983 claim "immediately upon a taking" notwithstanding any state law remedies available. *Id*.
at 2172.  Subsequently, the Supreme Court overruled the holding in *Williamson County*.

States Code is sometimes referred to as the federal "catch all" statute of limitations. The plain language of § 1658 requires an "Act of Congress" which gives rise to Plaintiff's claim after December 1, 1990.[6] Because the Supreme Court's holding in *Knick* is not an "Act of Congress," it cannot serve as a basis to fall within the federal "catch-all" statute of limitation, and certainly does not abrogate the existing statute of limitations for § 1983 claims.

A § 1983 claim "arises under an Act of Congress" enacted *before* December 1, 1990; therefore, Plaintiff's claim is subject to the statute of limitations of the applicable law of the state pursuant to 42 U.S.C. § 1988.[7] *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004); *Owens v. Okure*, 488 U.S. 235, 239 (1989) ("Title 42 U.S.C. § 1988 endorses the borrowing of state-law limitations provisions where doing so is consistent with federal law.").

---

[6] The House of Representatives passed the Private Property Rights Implementation Act of 2006, a proposed amendment to § 1983 claims which mirrors the Supreme Court's ruling in *Knick*; however, it has not been passed by the Senate nor signed into law by the executive. (H.R. 4772.) Therefore, this bill cannot give rise to Plaintiff's claim for equitable relief under the 5th and 14th Due Process clause because it has not been enacted into law.

[7] Few Circuits have addressed the specific issue of whether an amendment to a statute would effectuate an "enactment" under § 1658. The House of Representatives states that the federal "catch-all" statute of limitations was intended to be "applicable to legislation enacted after the effective date of this Act, which creates a cause of action but is silent as to the applicable limitations period." *See Laurino v. Tate*, 220 F. 3d 1213, 1217-18 (10th Cir. 2000) (citing H.R. Rep. No. 101-734, at 24 (1990)). Although § 1983 was amended in 1996 by the Federal Courts Improvement Act, Pub. L. 104-317, this amendment did not create a cause of action and Plaintiff's claim is not based upon it in any way. *Id*. Therefore, the undersigned will not reach the specific issue of whether the 1996 amendment is an "enactment" under § 1658 as the amendment does not form the basis of Plaintiff's claim.

Constitutional claims brought under § 1983 are characterized as "tort actions and, thus, are subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 872 (11th Cir. 2017) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). To reflect the diversity of § 1983 claims and to avoid risk of confusion, the Supreme Court held that "[w]here state law provides multiple statutes of limitations for personal injury actions, courts … should borrow the State's general or residual personal injury statute of limitations. *Owens*, 488 U.S. 235 at 249-50. Pursuant to Ala. Code § 6-2-38(l), Alabama's "residual" statute of limitations for personal injury actions is two years from the date the cause of action accrues. *Boyd*, 856 F.3d 853 at 872 (citing Ala. Code § 6-2-38 (1975)).

A cause of action accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonable prudent regard for his rights." *Mitchell v. DHR*, No. 22-10390, 2023 WL 3302872, at *2 (11th Cir. May 8, 2023) (citing *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996) (quotations omitted)). "A § 1983 cause of action will only accrue once the plaintiff knows or should know (1) that he has suffered an injury that forms the basis of his action and (2) the identity of the person or entity that inflicted the injury." *Id.* (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)).

Plaintiff alleges Defendant purchased the Holman House on February 19, 2013 at a tax foreclosure sale. (Doc. No. 1-4.) In the Complaint, Plaintiff admits to knowing of the tax foreclosure sale when it occurred. (Doc. No. 1 at 4-9.) This is evidenced by his dedication to keeping tabs on the Holman House from the moment Defendant allegedly

seized the property. (*Id.*) In addition, Plaintiff references previous attempts to recover from alleged injuries sustained by the tax foreclosure in 2013. Plaintiff alleges that the case, 1:14-cv-13-WHA, "involved claims that had similar issues with the property at 285 East Broad Street, Ozark, Alabama." (Doc. No. 1 at 15.) Plaintiff's previous filing of a separate case arising out of the same set of facts is evidence that years ago Plaintiff knew or should have known that he suffered an injury that forms the basis of his § 1983 action. Plaintiff also references exhibits from the 2014 case against Wells Fargo which disclosed who purchased the Holman House at the foreclosure sale.

Considering the facts alleged in the Complaint, Plaintiff knew or should have known that he suffered an injury that forms the basis of his § 1983 claim and knew or should have known the identity of the person or entity that caused the injury at least from the beginning of January 2014. By the time Plaintiff filed this action, a minimum of seven years had elapsed. For these reasons, Plaintiff's claim for equitable relief under § 1983 is time-barred by Alabama's 2-year residual statute of limitations for personal injury claims and is due to be dismissed.

B. State Law Claims

The bulk of Plaintiff's Complaint focuses on the alleged wrongful foreclosure of the Holman House by Wells Fargo; however, Plaintiff clarifies in several parts of the Complaint that "[t]his case is a taking/compensation case," and "the defendants are two in number: The City of Ozark and the property itself, *not Wells Fargo, N.A.*" (Doc. No. 1 at 4, 17 (emphasis added).) Although the Complaint alleges fraudulent actions by Wells Fargo and mentions the phrase "quiet title," simply naming random causes of action against a

third party to this suit is insufficient to meet the pleading requirements under the Federal Rules of Civil Procedure, and thus does not affix supplemental jurisdiction to the improperly pled state law claims.

Even if this court were to generously construe Plaintiff's Complaint as raising a quiet title claim under state law, this court should nevertheless decline to exercise supplemental jurisdiction over Plaintiff's quiet title claim. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction … if … the district court has dismissed all claims over which it has original jurisdiction."); *see also Raney v. Allstate Ins. Co*., 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.")*.* In deciding whether the court should exercise supplemental jurisdiction over Plaintiff's state claim, "the judge should 'take into account concerns of comity, judicial economy, convenience, fairness, and the like.' " *Equivest Fin., LLC v. Bonicelli*, No. 2:18CV606-MHT, 2019 WL 5295565, at *1 (M.D. Ala. Oct. 18, 2019) (citing *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001)).

Having considered these factors, the undersigned finds that several factors weigh in favor of declining to exercise supplemental jurisdiction over any state law claims alleged by Plaintiff. As noted by Plaintiff in the Complaint, claims including a bill to quiet title resulting from the facts alleged in this case have been litigated extensively in state court. (Doc. No. 1 at 29.) Therefore, the state courts are far more familiar with the handling of claims involving title to real estate, such as a quiet title action, especially in this case; thus,

judicial economy, comity, and convenience sway in favor of declining to exercise supplemental jurisdiction of any state law claims brought by Plaintiff in this case.

C. Amendment

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." Fed. R. Civ. P. 15(a).  Under *Foman*, however, a district court may properly deny leave to amend the Complaint when such amendment would be futile. 371 U.S. at 182.  An amendment is considered futile when the claim, as amended, would still be subject to dismissal. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). Under the facts presented, the undersigned concludes that amendment of the Complaint would be futile because amendment would not cure the statute of limitations bar.  *See Higdon v. Tusan*, 746 F. App'x 805, 815 (11th Cir. 2018). ("Amending a complaint would be futile if the complaint, as amended, would still be subject to dismissal.") (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). Accordingly, the undersigned concludes that amendment in this case is not warranted.

## V.    CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that:

1.   Defendant's motion to dismiss (Doc. No. 41) be GRANTED.

2.   This action be DISMISSED WITH PREJUDICE.

It is further ORDERED that **on or before March 1, 2024**, the parties may file objections to this Recommendation.  The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  The parties are advised that frivolous, conclusive, or general objections to the Recommendation will not be considered.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 16th day of February, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE