IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAYWOOD JACKSON MIZELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL CASE NO. 1:21-cv-110-ECM ) [WO] |
| THE CITY OF OZARK, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

On February 16, 2024, the Magistrate Judge entered a Recommendation that Defendant City of Ozark's motion to dismiss (doc. 41) be granted, and that this action be dismissed with prejudice. (Doc. 47). On February 21, 2024, the Plaintiff timely filed objections to the Magistrate Judge's Recommendation. (Doc. 48).

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled; the Recommendation of the Magistrate Judge is due to be adopted as modified herein; the Defendant's motion to dismiss is due to be granted to the extent that judgment is due to be entered against the Plaintiff and in favor of the Defendant on the Plaintiff's 42 U.S.C. § 1983 claim, and the Court will decline to exercise supplemental jurisdiction over the state law claims such that the state law claims are due to be dismissed without prejudice; and this action is due to be dismissed.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also*

*United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

The Magistrate Judge recommends that the Plaintiff's § 1983 claim be dismissed because it is barred by the applicable two-year statute of limitations. The Plaintiff objects to this conclusion and persists in his argument that the United States Supreme Court imposes no statute of limitations for this action. The Magistrate Judge considered and rejected this argument in her Recommendation, and the Plaintiff fails to show that the Magistrate Judge committed any error in this regard. Accordingly, this objection is due to overruled.

The Plaintiff also objects to the Magistrate Judge's conclusion that the § 1983 claim is time-barred as follows:

> The question of a state two-year statute of limitation based on injury is not

2

> otherwise applicable because there was no injury since the tested owner of the title has not changed. The owner of the title has suffered no Title loss and nothing otherwise else except for receipt of City occupation payments to be made until the lawfully recognized Title is purchased and conveyed with clear title only after just compensation is accepted complete with the consent of the Title holder.

(Doc. 48 at 6–7).  The Plaintiff's statements are insufficient to support a finding that the Magistrate Judge erred in concluding that the § 1983 claim is time-barred.  Consequently, this objection is due to be overruled.

Additionally, to the extent the Plaintiff in his objections reiterates the claims and factual assertions contained in his complaint, these general objections are reviewed for clear error and are due to be overruled.

In sum, the Court agrees with the Magistrate Judge's well-reasoned Recommendation that the § 1983 claim is due to be dismissed as time-barred, and that the Court should decline to exercise supplemental jurisdiction over any state law claims asserted by the Plaintiff pursuant to 28 U.S.C. § 1367.  When a court declines to exercise supplemental jurisdiction over state law claims in a case originally filed in federal court, the state law claims "should be dismissed without prejudice so that the claims may be refiled in the appropriate state court." *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999); *McDuffie v. Broward Cnty.*, 654 F. App'x 408, 411 (11th Cir. 2016) (per curiam).  Accordingly, the Court finds that the state law claims are due to be dismissed without prejudice, and this case is due to be dismissed.

Accordingly, upon an independent review of the record, and for good cause, it is

3

ORDERED as follows:

1. The Plaintiff's objections (doc. 48) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 47) is ADOPTED as modified herein;

3. The Defendant's motion to dismiss (doc. 41) is GRANTED as follows:

   a. Judgment is entered against the Plaintiff and in favor of the Defendants on the federal claim;

   b. The Court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, and the state law claims are DISMISSED without prejudice;

4. This case is DISMISSED.

A separate Final Judgment will be entered.

DONE this 11th day of March, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE